IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD ALLAN WATTS and                                    PLAINTIFFS
LINDSAY LOPEZ

v.                              Civil No. 2:22-CV-02081

U.S. DEPARTMENT OF JUSTICE OFFICE                         DEFENDANTS
OF THE INSPECTOR GENERAL,
U.S. DEPARTMENT OF JUSTICE OFFICE
OF PROFESSIONAL RESPONSIBILITY,
ADMINISTRATIVE OFFICE OF THE
COURTS, and
UN-NAMED CO-CONSPIRATORS
INCLUDING SOME EMPLOYEES,
PARTNERS, AND AGENTS OF THE
UNITED STATES OF AMERICA

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court are Plaintiffs' Motions to Proceed *In Forma Pauperis* ("IFP"). (ECF Nos. 3, 4). Pursuant to 28 U.S.C. § 1915(e)(2), the Court has the obligation to screen all Complaints in which a Plaintiff seeks to proceed IFP prior to service.

### I.        BACKGROUND

Plaintiffs filed their Complaint on May 13, 2022. (ECF No. 2). They indicate that their claims arise under several federal and state statutes, as well as general negligence. (*Id*. at 7). It is, however, impossible to discern any specific cognizable claims in the Plaintiff's Complaint as Plaintiffs provide only vague and conclusory allegations concerning a broad inter-agency

conspiracy by the named Defendants to "conceal the crimes committed against us." (*Id*. at 9). These conclusory allegations include vague phrases such as, "[t]he authorities committed atrocities," the District Court committed "multiple dishonest acts," the Department of Justice "committed fraud," and the Administrative Office of the Courts "issued a letter which contains false statements and also very clearly contradicts that previous document from the Department of Justice ...." (*Id*. at 8-9). The Complaint is completely devoid of any specific factual allegations indicating actions or inactions by specific individuals in the Defendant organizations, as well as how those facts relate to any of the statutes or law cited by Plaintiffs. No cognizable claim is stated, and nothing in the Complaint provides the Court with sufficient specific factual information to infer any cognizable claims either.[1]

## II.        LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief

---

[1] Plaintiffs do identify two prior cases in this District: 2:19-cv-02010 and 2:19-CV-02066. Both cases were dismissed pursuant to § 1915A screening. Plaintiffs appealed the dismissal of 2:19-CV-02066, and the Eighth Circuit Court of Appeals summarily affirmed the dismissal.

may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up).  However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.      ANALYSIS

As noted above, Plaintiffs have failed to allege sufficient facts to state a cognizable claim to relief that is plausible on its face.  *See Du Bois v. Bd. of Regents of U. of Minnesota*, 987 F.3d 1199, 1205 (8th Cir. 2021) ("conclusory allegations and threadbare recitals of the elements of a cause of action" cannot state a plausible claim) (cleaned up); *Northwest Title and Escrow Corp. v. Edina Realty, Inc*., Civ. No. 3-93-436, 1993 WL 593995, *1 (D. Minn. Dec. 11, 1993) (general allegations of conspiracy, without a statement of the facts constituting the conspiracy, its objects, and accomplishment are inadequate to state a cause of action; merely invoking buzz words will not suffice); *Martin*, 780 F.2d at 1337 (even a *pro se* plaintiff must still allege specific facts sufficient to support a claim).

### IV.      CONCLUSION

Accordingly, it is recommended that Plaintiffs' Complaint be DISMISSED WITHOUT PREJUDICE.  It is further recommended that Plaintiffs' Motions to Proceed IFP be DISMISSED

as MOOT.  Finally, it is recommended that the Court certify,  pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of May 2022.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE