UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

EDWARD ALLAN WATTS and
LINDSAY LOPEZ                                                                                          PLAINTIFFS

v.                                         No. 2:22-CV-02081

U.S. DEPARTMENT OF JUSTICE OFFICE
OF THE INSPECTOR GENERAL, et al.                                                              DEFENDANTS

## OPINION AND ORDER

Before the Court is Plaintiffs' motion (Doc. 9) to reconsider the Court's order (Doc. 7) which adopted in full the report and recommendations prepared by Chief United States Magistrate Judge Mark E. Ford and dismissed Plaintiffs' case without prejudice. Plaintiffs also conventionally filed a CD containing various exhibits in support of the motion. The motion will be denied.

On May 13, 2022, after Plaintiffs filed their complaint (Doc. 2), Plaintiffs filed motions (Docs. 3 & 4) for leave to proceed in forma pauperis and for service. These motions were referred to Chief Magistrate Judge Ford for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). The Magistrate Judge filed a report and recommendations (Doc. 7) which recommended dismissal of Plaintiffs' case because it was "impossible to discern any specific cognizable claims in the Plaintiffs' Complaint as Plaintiffs provide only vague and conclusory allegations concerning a broad inter-agency conspiracy by the named Defendants to 'conceal the crimes against us.'" No objections to the report and recommendations were filed. After careful review of Plaintiffs' complaint, the Court adopted the report and recommendations.

Plaintiffs filed their instant motion under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides a list of circumstances under which a party may be relieved from a final judgment,

1

order, or proceeding, including mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party, or; "any other reason that justifies relief." The Eighth Circuit has recognized that Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). It is important to note, however, that a Rule 60(b) motion "is not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

Plaintiffs first argue that their case should not have been assigned to the Magistrate Judge. However, 28 U.S.C. § 636(b) allows a judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court." Plaintiffs also contend that the Court erred in dismissing the case "only one business day after deadline for objections." (Doc. 9, p. 1). However, "objections must be timely and specific to trigger de novo review by the District Court of any portion of the magistrate's report and recommendation." *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990) (citing *Branch v. Martin*, 886 F.2d 1043, 1045-46 (8th Cir. 1989)). The Court's timeliness in addressing ripe report and recommendations is not an error and Plaintiffs present no persuasive arguments to convince the Court otherwise. Plaintiffs' motion does not present any further argument that would allow the Court to find any of the Rule 60(b) circumstances present, therefore, the motion will be denied.

IT IS THEREFORE ORDERED that Plaintiffs' motion (Doc. 9) for reconsideration is DENIED.

IT IS SO ORDERED this 13th day of June, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE

2